**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   19-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

---

**INDICTMENT**

---

The Grand Jury charges:

**COUNTS 1-5**

  1.  From in or about February of 2018 through January 22, 2019, in the State and District of Colorado and elsewhere, the defendant LEONARD LUTON, and others known and unknown to the grand jury, devised and intended to devise, and participated in a scheme and artifice to defraud victim S.O., whose identity is known to the grand jury, by obtaining property, to wit, approximately $900,000 in United States currency, by means of false and fraudulent pretenses, representations, and promises relating to a lottery scheme and artifice to defraud (hereinafter "lottery scheme").

  2.  The object of the lottery scheme was for LEONARD LUTON and his associates to enrich themselves by fraudulently convincing S.O. that she had won a lottery and needed to make certain payments in order to collect the winnings.  These payments were routed through others to LEONARD LUTON and his associates.

3. As part of the lottery scheme, LEONARD LUTON and his associates contacted and caused to be contacted S.O. by mailing her a flyer indicating she won $2,800,000 from a lottery drawing in Spain. The flyer informed S.O. that she was required to remit 5% of the total amount of the winnings to a promotional company in order to receive her winnings.

4. As part of the lottery scheme, LEONARD LUTON and his associates contacted and caused to be contacted S.O. by telephone. One of the individuals who called S.O. identified himself as Frank White.

5. White directed S.O. to pay the fees she owed in various ways, to include mailing via private and commercial interstate carriers, such as the United Parcel Service (UPS) and Federal Express (FedEx), cashier's checks and packages containing cash. As part of the scheme, White also directed S.O. to mail iPhones. White directed S.O. to mail the packages of cashier's checks, cash, and iPhones to addresses to which LEONARD LUTON and his associates had access.

6. S.O. mailed approximately 45 such packages. She also handed over $65,000 in person, which White told her was required to pay the fees related to the lottery scheme.

7. S.O. never received any lottery winnings.

### Executions of the Mail Fraud Scheme

8. Between on or about the dates listed below for each count, in the State and District of Colorado, LEONARD LUTON, for the purpose of executing the lottery scheme, knowingly caused and aided and abetted another who knowingly caused to be delivered by private and commercial interstate carriers matters and things, namely,

3

cashier's checks, cash, and iPhones, according to the direction thereon, as identified below:

| Count | Date (on or about) | Description of Mailing |
|---|---|---|
| 1 | April 16, 2018 | $45,000 mailed to S.P. in Grandville, MI |
| 2 | September 6, 2018 | $10,000 mailed to M.W. in Toms River, NJ |
| 3 | October 22, 2018 | Two iPhones mailed to J.A. in Brooklyn, NY |
| 4 | October 30, 2018 | Two iPhones mailed to J.A. in Brooklyn, NY |
| 5 | November 7, 2018 | $15,000 mailed to T.W. in Brooklyn, NY |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## **FORFEITURE**

9.  Upon conviction of the violations alleged in Counts 1 through 5 of this Indictment involving a mail fraud scheme, in violation of Title 18, United States Code, Sections 1341 and 2, Defendant LEONARD LUTON shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of his right, title, and interest in all property constituting and derived from any proceeds he obtained directly and indirectly as a result of such scheme, including, but not limited to:

10.  The entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendant.

11.  If any of the property described in paragraph 10 above, as a result of any act or omission of Defendant LEONARD LUTON:

      a)      cannot be located upon the exercise of due diligence;

      b)      has been transferred or sold to, or deposited with, a third party;

      c)      has been placed beyond the jurisdiction of the Court;

      d)      has been substantially diminished in value; or

      e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of Defendant LEONARD LUTON up to the value of the forfeitable property.

A TRUE BILL

<u>Ink signature on file in Clerk's Office</u>
Foreperson

JASON R. DUNN
UNITED STATES ATTORNEY

<u>*s/ Martha A. Paluch*</u>
Martha A. Paluch
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov
Attorney for the Government

4