IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00098-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**LEONARD LUTON**,

       Defendant.

_____

**MOTION TO REOPEN DETENTION HEARING**
_____

       Leonard Luton, though his attorney, Assistant Federal Public Defender Laura H. Suelau, moves this Court to reopen the detention hearing previously held by a Magistrate Judge Crews, pursuant to 18 U.S.C. § 3142(f)(2)(B).  Information not known to Mr. Luton at the time of his detention hearing exists and that information is material on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community.

    **I.**       **Procedural Background**

       On January 31, 2019, Leonard Luton was arrested in the District of Colorado on a criminal complaint.  Doc 1.  That complaint alleged a single violation of 18 U.S.C. § 1341.  Mr. Luton had a detention hearing before Magistrate Judge Crews on February

1

13, 2019. In preparation for that hearing, Mr. Luton was interviewed by the probation department who prepared a report for the Court recommending Mr. Luton be released on a $25,000 Unsecured Bond without pretrial supervision. However, Mr. Luton waived his right to a detention hearing because he was on a writ from Larimer County, in a related case, and was unable to satisfy the substantial monetary bond in that case. *See* Doc. 17.

On March 6, 2019, the government indicted on five counts of 18 U.S.C. § 1341 and 2. The conduct in those counts mirrors the factual basis underlying the Complaint. Doc. 20. Mr. Luton was arraigned on March 7, 2019. Mr. Luton remains in custody.

**II.     Legal Authority**

Under the Bail Reform Act, a defendant may be detained pending trial *only* if a judicial officer finds that "no condition or combination of conditions…will reasonably assure the appearance of such a person as required and the safety of any other person in and the community." 18 U.S.C. § 3142(e). A judicial officer can make such a finding only after a hearing pursuant to § 3142(f) during which that government bears the burden of proof to show: 1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community; and 2) by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the defendant's appearance as required. In evaluating the evidence,

the judicial officer may only rely on facts that are "supported by clear and convincing evidence." *Id.* at 3141(f)(2)(B).  The court can take into account a number of factors as outlined in 18 U.S.C. § 3142(g): 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community.

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such a person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2)(B).

### III. Information not known to Mr. Luton at the detention hearing exists.

At the time of Mr. Luton's detention hearing, he was on a Writ from Larimer County for state charges stemming from the conduct in the instant case.  Mr. Luton was granted bond in that Larimer County case, but was unable to afford the bond amount - $450,000.  Therefore, if Judge Crews ordered Mr. Luton's release, he would have been returned to the custody of Larimer County where he would not receive credit towards any future possible federal sentence.  On March 14, 2019, the case in Larimer County

was dismissed. Exhibit 1. As such, Mr. Luton respectfully requests the Court reopen his detention hearing.

**IV.     Mr. Luton should be released on conditions.**

Mr. Luton has no criminal history, no failures to appear, and no pending charges. In fact, prior to his January 23, 2019 arrest in Larimer County, 42 year-old Luton, had never spent a day incarcerated. Probation's February 6, 2019 report found Mr. Luton was not a risk of danger to the community, and that any risk of non-appearance could be mitigated by the imposition of conditions. Those conditions, to which Mr. Luton does not object, include surrender of his passport, and a $25,000 unsecured bond.

**V.     Conclusion**

Mr. Luton respectfully requests this Court reopen his detention hearing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Laura Suelau
LAURA SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
laura.suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Paluch, Assistant United States Attorney
martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Leonard Luton
(U.S. Mail)

> s/Laura Suelau
> LAURA SUELAU
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> laura.suelau@fd.org
> Attorney for Defendant