IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-0098-CMA-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LEONARD LUTON,

       Defendant.
_____

**MOTION FOR REVOCATION OF DETENTION ORDER**
_____

       Leonard Luton, though his attorney, Assistant Federal Public Defender Laura H. Suelau, moves this Court to Review his detention order by Magistrate Judge Cato Crews. Mr. Luton requests this Court review that Order pursuant to 18 U.S.C. § 3145(b). Contrary to the Order of Dentention, the government failed to prove by clear and convincing evidence that Mr. Luton is a danger to the community and that he posed a risk of non-appearance.

    **I.**    **Procedural Background**

       On January 31, 2019, Leonard Luton was arrested in the District of Colorado on a criminal complaint. Doc 1. That complaint alleged a single violation of 18 U.S.C. § 1341. Mr. Luton had a detention hearing before Magistrate Judge Crews on February

1

13, 2019.  In preparation for that hearing, Mr. Luton was interviewed by the probation department who prepared a report for the Court recommending Mr. Luton be released on a $25,000 Unsecured Bond without pretrial supervision.  However, Mr. Luton waived his right to a detention hearing because he was on a writ from Larimer County, in a related case, and was unable to satisfy the substantial monetary bond in that case. *See* Doc. 17.

On March 6, 2019, the government indicted on five counts of 18 U.S.C. § 1341 and 2.  The conduct in those counts mirrors the factual basis underlying the Complaint. Doc. 20.  Mr. Luton was arraigned on March 7, 2019.

On March 14, 2019, Larimer County dismissed the charges against Mr. Luton.  The same day, Mr. Luton filed a Motion to Reopen Detention Hearing, citing information not know to him at his detention hearing – namely the release of the Larimer County bond.

A hearing was held before Judge Crews on March 21, 2019.  Judge Crews found the government had not met its burden of showing by clear and convincing evidence that Mr. Luton "poses a risk of safety to any other person or the community."  Nor had the government proven that Mr. Luton posed a risk to the obstruction of justice.  He did, however, conclude the government had shown by a preponderance of the evidence

that "there are no conditions which would reasonably assure the defendant's attendance."  Attachment 1, p. 30.

## II.     Legal Authority

Under the Bail Reform Act, a defendant may be detained pending trial *only* if a judicial officer finds that "no condition or combination of conditions…will reasonably assure the appearance of such a person as required and the safety of any other person in and the community."  18 U.S.C. § 3142(e).  A judicial officer can make such a finding only after a hearing pursuant to § 3142(f) during which that government bears the burden of proof to show: 1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community; and 2) by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the defendant's appearance as required.  In evaluating the evidence, the judicial officer may only rely on facts that are "supported by clear and convincing evidence." *Id.* at 3141(f)(2)(B).  The court can take into account a number of factors as outlined in 18 U.S.C. § 3142(g): 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community.

If, after the hearing, "a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdictions over the offence, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). The court of original jurisdiction must review the magistrate judge's order de novo and make "an independent determination of the proper pretrial detention or conditions for release." *United v. Ciserneros,* 328 F.3d 610 (10th Cir. 2003).

### III.   There are conditions that could reasonably assure Mr. Luton's appearance.

Magistrate Judge Crews detained Mr. Luton after a hearing, finding by a preponderance of the evidence that no condition or combination of conditions would reasonably assure his presence at future hearings. In particular, Judge Crews found the following reasons for Mr. Luton's detention: 1) lack of ties to Colorado; 2) family located outside of Colorado and outside the United States; 3) seizure of Mr. Luton's car by the government; 4) the weight of the evidence against Mr. Luton; 5) lack of stable employment; 6) lack of financially responsible sureties; and 7) use of aliases or false documents. Viewing the evidence *de novo,* Mr. Luton should be released on conditions.

Judge Crews and the government relied heavily on the fact that Mr. Luton is a working-class Jamaican immigrant who resides in Brooklyn, New York. Those are facts

beyond dispute.  Mr. Luton works variously as a DJ, electrician, and general handyman to make ends meet.  Before being granted Legal Permanent Resident status in 2015, Mr. Luton lived in Jamaica, where he tried for 15 years, spent a considerable amount of money, and appeared at nearly a dozen immigration interviews to obtain his LPR status.  He made every effort to join his mother and brothers in the United States on a *legal* permanent basis.  Since his arrival to the United States, Mr. Luton has lived with his mother, Lorna Malone, in Brooklyn, New York.

Those facts, taken together, make it more, not less, likely that Mr. Luton will attend future Court appearances.  They show that Mr. Luton is hardworking, dedicated, diligent, law-abiding and resourceful.  He has the support of his family.  Ms. Malone, by proffer, assured the Court that she would assist Mr. Luton in returning to Colorado for Court with either financial assistance or the use of her car.  Finally, they show that Mr. Luton has a great deal at stake with the instant case.  He wants to maintain his resident status, he wants to be a United States Citizen.  He worked for 15 years to leave Jamaica, his mother and brothers live in the United States, he wants to bring his son from Jamaica to the U.S. one day.  He has no plans to return, let alone flee, to Jamaica. Mr. Luton is aware that failing to appear for Court in Colorado could jeopardize everything for which he's worked so hard.

It is hardly unheard of for a defendant to be released on conditions and

supervised when they reside outside the state of Colorado.  The United States Probation Department for the Eastern District of New York has offices in Brooklyn to which Mr. Luton could report.  If necessary, Ms. Malone is willing to serve as a third party custodian to monitor Mr. Luton in Brooklyn.

Finally, one factor on which Judge Crews did not rely is Mr. Luton's criminal history.  He has none.  Not even a speeding ticket.

### IV.    Mr. Luton should be released on conditions.

The Bail Reform Act presumes that a person should be released pending trial.  Mr. Luton has no criminal history.  His personal history has shown him to be a motivated and hardworking individual willing to overcome obstacles, including anything that might make difficult out-of-state court appearances.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Laura Suelau
LAURA SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
laura.suelau@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Martha Paluch, Assistant United States Attorney
      Martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Leonard Luton
      (U.S. Mail)

      <u>s/Laura Suelau</u>
      LAURA SUELAU
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      laura.suelau@fd.org
      Attorney for Defendant