IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    19-CR-00098-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**LEONARD LUTON**,

       Defendant.
_____

**UNOPPOSED MOTION TO EXCLUDE 30 DAYS FROM THE SPEEDY TRIAL ACT, RESET TRIAL DATES AND DEADLINES, AND SET STATUS CONFERENCE**
_____

Leonard Luton, through his attorneys, Laura H. Suelau and Kelly Christl, hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 30 days from the Speedy Trial Act computations. Thereafter, Mr. Luton requests a Status Conference. In support thereof, states as follows:

### TIME SOUGHT

Mr. Luton's trial is currently set to commence August 19, 2019. Counsel believes it will be necessary to exclude more than 30 days from the trial clock, however, they have not had to opportunity to review all of the discovery, and require more specific information related to travel, experts, and translations (for reasons outlined *infra*) before making a determination about the time required. Therefore, they request the exclusion

of an additional 30 days from the trial clock and a Status Conference set on or after September 16, 2019 to update the Court on the progress of trial preparation.

## FACTUAL AND PROCEDURAL HISTORY

1. On January 31, 2019, Mr. Luton was charged by Criminal Complaint of a single count of Attempt and Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. 1341.  Doc. 1.  He was arrested and first appeared before the Court on February 6, 2019.

2. On March 6, 2019, Mr. Luton was indicted on five counts of 18 U.S.C. 1341 and 2.  The following day, Mr. Luton was arraigned on the indictment and entered a plea of not guilty to all counts.  Doc. 23.  At that time, a Discovery Order was entered and the government was ordered to provide discovery on or before March 14, 2019.  Doc. 24.

3. On March 26, 2019, this Court excluded 90 days from Mr. Luton's 70-day speedy trial time limit based on incomplete discovery and defense counsel's need for additional time to review and catalogue recently-produced discovery.  Doc. 33.  Trial was reset for August 19, 2019.

4. This Court subsequently Ordered pretrial motions due by July 15, 2019 based on the Parties' joint motion for an extension of the pretrial motions deadline due to the volume of discovery.  Doc. 44.

5. On July 10, 2019, the government filed a Superseding Indictment adding additional charges and a co-defendant, RayJay Dobson.[1]

6. Since the Parties' filing of the motion for extension, Doc. 42, defense counsel has received an additional 8 terabytes of data from over 15 devices including laptops, thumb drives, phones, and external hard drives. The government also produced additional recorded phone calls. To date, the government has provided 1,312 recorded phone calls ranging from one to fifteen minutes in length. Discovery was most recently provided to defense counsel on July 11, 2019. Counsel has not had the opportunity to catalogue the discovery produced on July 11, 2019.

7. Many of the 1,312 phone calls as well as a number of the messages in the discovery (sent via text, e-mail, and other applications) are in Jamaican Patois or Creole. Understanding those messages requires the aid of an interpreter. Six investigators in the Office of the Federal Public Defender are currently working to listen to and transcribe, if necessary, those calls which do not require translation, and identify those phone calls that require the assistance of a translator.

8. Alleged victims, potential witnesses, and the co-defendant for this case are located in Estes Park, Colorado, Michigan, New York, New Jersey, Pennsylvania, and

---

[1] It is Mr. Luton's position that the Superseding Indictment is based on the same scheme or act and does not re-start the Speedy Trial clock, but is a factor for the Court to consider. *United States v. Ray* 899 F.3d 852 (10th Cir. 2018); *See also United States v. Handa*, 892 F.3d 95 (1st Cir. 2018)

Jamaica. Travel to Jamaica, if necessary, will require a number of cumbersome administrative hurdles to ensure the safety of counsel.

9. Mr. Luton's charges involve a so-called Jamaican Lottery Scam. To counsel's knowledge, this case is the first of its kind in the District of Colorado. Lottery Scams present a number of unusual and novel issues. *See* Keegan Hamilton, *One FBI agent's war on the deadly scam that took over Jamaica,* VICE News (July 26, 2017) https://news.vice.com/en_ca/article/595498/jamaica-lottery-deadly-scam-fbi. Counsel is actively consulting with Federal Public Defenders from other Districts appointed in similar cases, however, the number is limited. Similarly, experts on the subject matter area are scarce.

10. Counsel believes that, as of July 15, 2019, 57 days remain on the speedy trial clock.

## LAW REGARDING REQUESTS FOR CONTINUANCES

11. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. Factors for the Court to consider in granting this delay are:

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

      b.      Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the Speedy Trial time limits.  18 U.S.C. § 3161(h)(7)(B)(ii).

      c.      Whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

12.      In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  See id. at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  See id. at 1271-72.

13.      In United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying

the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

14.     Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

15.     Counsel has been diligent in both the preparation of this matter and in the timing of this motion.  Counsel has been in contact with Mr. Luton and has been actively reviewing the discovery and preparing for trial.  This motion is filed on the pretrial motions deadline.

16.     The current trial date of August 19, 2019 does not allow counsel to thoroughly review the additional discovery provided by the government, discuss the discovery with Mr. Luton, procure a translator and possible expert, research potential pretrial motions and strategies, discuss those motions and strategies with Mr. Luton, and conduct the necessary investigation with Mr. Luton.

17.     The allegations occurred over a sprawling geographic area and involve a large number of alleged victims, co-conspirators, and witnesses, each of whom may need to be interviewed in advance of trial.

18. At this time, the defense counsel believes that after an additional 30 days, they will be better able to inform the Court of a realistic setting for Mr. Luton's trial.

19. Mr. Luton was ordered Detained following a detention hearing on March 21, 2019. Notwithstanding his detention, counsel has discussed with Mr. Luton, and he understands, the need for a continuance.

20. The government agrees that the amount of discovery produced warrants an ends of justice continuance and does not oppose this request for a status conference in September. However, the government will oppose a continuance of the trial date in excess of ninety days due to the age of the victim. The government so advises the court of this fact in order to secure a trial setting in November.

21. The final West factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance, the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Luton's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Luton respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 30 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7). He further requests this Court set a Status Conference on or after September 16, 2019.

Respectfully submitted,
VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (603) 294-7002
FAX:  (603) 294-1192
Laura.Suelau@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on **July 15, 2019** I electronically filed the foregoing

**UNOPPOSED MOTION TO EXCLUDE 30 DAYS FROM THE SPEEDY TRIAL ACT, RESET TRIAL DATES AND DEADLINES, AND SET STATUS CONFERENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> Martha Paluch, AUSA
> martha.paluch@usdoj.gov

> Sarah Weiss
> sarah.weiss@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

> Leonard Luton
> <u>VIA U.S. POSTAL SERVICE, regular mail</u>

>                 s/ Laura H. Suelau
>                 LAURA H. SUELAU
>                 Assistant Federal Public Defender
>                 633 17th Street, Suite 1000
>                 Denver, CO  80202
>                 Telephone:  (603) 294-7002
>                 FAX:  (603) 294-1192
>                 Laura.Suelau@fd.org
>                 Attorney for Defendant