**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00098-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1. LEONARD LUTON,

    Defendant.

---

**PARTIES' JOINT STATUS REPORT AND REQUEST FOR A 30-DAY ENDS OF JUSTICE CONTINUANCE**

---

    In response to this Court's October 22, 2019 Order directing the Parties to file a Joint Status Report, the Parties respectfully submit the following:

**Background**

    1. The defendant was arrested by the Estes Park, Colorado, Police Department on January 22, 2019. A criminal complaint was obtained in this district on January 31, 2019, and the defendant made his initial appearance on that complaint on February 6, 2019. ECF 1, 9.

    2. On March 6, 2019, the grand jury returned an indictment charging the defendant with five counts of mail fraud in violation of Title 18, United States Code, Section 1341. ECF 20.

    3. On July 10, 2019, the grand jury returned a superseding indictment charging the defendant and co-defendant Rajay Dobson with conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and nine counts of aiding and

1

abetting mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2. ECF 47.

4. Two Federal Public Defenders were appointed to represent the defendant and they did so until the Court granted their motion to withdraw on September 18, 2019.  ECF 64.

5. The defendant retained counselor Mark Edward Scabavea and he entered his appearance in this case on September 13, 2019.  ECF 62.

6. This matter was scheduled for trial on November 4, 2019.  On September 24, 2019, the Court granted defendant's Unopposed Motion to Vacate November 4, 2019 Trial Date, All Trial-Related Deadlines, and Exclude 30 days from the Speedy Trial Clock.  ECF 67.  The speedy trial clock now stands at January 16, 2020.  *Id.*  In lieu of a status conference on October 24, 2019 at 3:00pm, the Court directed the Parties to file this Joint Status Report.

## STATUS

7. Counsel for defendant submits that he will need approximately two additional months to prepare for trial and requests a trial setting in **late January or early February 2020.**

8. Given the voluminous amount of discovery in this case, government counsel believes it will rest its case on Friday of the trial week.  Counsel for the defendant believes he will need 3 days to present his case.

9. Therefore, the parties respectfully request that this Court schedule this matter for an **8-day jury trial** commencing within the time period referenced above dependent upon the Court's availability.

10. Given that the current speedy trial clock expires on **January 16, 2020**, the defendant requests, and the government does not oppose, an additional **30-day** ends of justice continuance, which if granted, would set the speedy trial clock at **February 15, 2020.**

## LAW IN SUPPORT OF THIS REQUEST FOR A CONTINUANCE

11. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  Factors for the Court to consider in granting this delay are:

    a.  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).

    b.  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the Speedy Trial time limits.  18 U.S.C. § 3161(h)(7)(B)(ii).

    c.  Whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

12. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The

record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. See *id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  See *id.* at 1271-72.

13. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

14. Counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

15. As noted, defense counsel entered his appearance in this case on September 13, 2019, and therefore, this request is diligent.

16. The continuance, if granted, will accomplish the purpose underlying the request in that it will afford counsel the time required to review all discovery in this case, which is particularly voluminous.  The discovery in this case includes:

- approximately 8880 pages of investigative reports and subpoenaed records from 27 entities

4

- the extraction of data from five phones amounting to approximately 319 gigabytes of data (of that, approximately 90 gigabytes of data is from the defendant's phone)
- over 350 audio calls and interview recordings
- approximately 10 terabytes of data from seized media devices such as laptops and thumb drives recovered from the defendant's vehicles.

17. An additional 30-day continuance to the speedy trial clock will allow counsel to thoroughly review this discovery, discuss the discovery with the defendant, research potential pretrial motions and strategies, discuss those motions and strategies with the defendant and conduct the necessary investigation with the defendant.

18. The defendant was ordered detained following a detention hearing on March 21, 2019. Notwithstanding his detention, counsel has discussed with the defendant, and he understands, the need for a continuance.

19. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance, defense counsel will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

20. Finally, the parties request that the Court order that all trial subpoenas already served remain in effect for the newly scheduled trial date.

**CONCLUSION**

For these reasons, the parties request that the Court exclude 30 days from the speedy trial clock and schedule this matter for an 8-day jury trial in early 2020.

Respectfully submitted this 24th day of October, 2019.

JASON R. DUNN
United States Attorney


s/ *Martha A. Paluch*
MARTHA A. PALUCH
SARAH H. WEISS
Assistant U.S. Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov
Sarah.weiss@usdoj.gov

s/ Mark E. Scabavea
MARK EDWARD SCABAVEA
301 Sheridan Blvd.
Lakewood, Colorado 80226
Office: (707) 592-5571
markscabavea@icloud.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record.

                                *s/ Portia Peter*
                                Portia Peter
                                Assistant U.S. Attorney
                                United States Attorney's Office
                                1801 California Street, Suite 1600
                                Denver, CO  80202
                                (303) 454-0100