IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00098-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION IN LIMINE SEEKING A
PRE-TRIAL RULING ON SELF-AUTHENTICATING, NON-HEARSAY EVIDENCE
PURSUANT TO FED. Rs. EVID. 803(6), 902(11), and 902(13)**

---

In an effort to conserve judicial resources and to promote efficiency at trial, and in accordance with the Federal Rules of Evidence, the United States of America, by and through Assistant United States Attorneys Martha A. Paluch, and Sarah H. Weiss, hereby seeks a pre-trial ruling that certain records the government will seek to admit at trial are non-hearsay, self-authenticating evidence pursuant to Fed. Rs. Evid. 803(6), 902(11) and 902(13). In support of this motion, the government states as follows:

1. Over the course of its investigation, the government obtained certified business records and digital evidence from 32 custodians. The government produced these records, along with certified declarations, to the defense in discovery.[1]

---

[1] The government is awaiting certified records from one custodian (Bank of America records for witness Lloyd Wessam), but will turn those records over to the defense promptly upon their receipt.

1

2. In advance of this motion, the parties conferred regarding the admission of these records at trial. Counsel for the defendant, Mark Scabavea, has represented that he does not oppose the present motion.

3. The parties hereby agree and stipulate that the records are true copies of the companies named below, and as such, are authentic pursuant to Fed. R. Evid. 902(11). The parties also stipulate that these exhibits fall within the business records exception to the rule against hearsay, Fed. R. Evid. 803(6), in that the exhibits listed here are reports and data compilations of acts or events, made at or near the time by, or from information transmitted by, a person with knowledge, and that the records were kept in the usual course of the regularly conducted business activity of the named business, and that it was the regular practice of that business entity to make and keep such reports and data compilations. *See, e.g.*, *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (certified Verizon cell phone records are admissible business records pursuant to Rule 803(6)); *United States v. Channon*, 881 F.3d 806, 809-811 (10th Cir. 2018) (business records obtained from a database presented in the form of a spreadsheet are admissible business records pursuant to Rule 803(6)).

4. By virtue of this stipulation, the defense also confirms that it has no objection to these records on confrontation grounds. *See Yeley-Davis*, 632 F.3d at 680-81 (relying on *United States v. Melendez-Diaz*, 557 U.S. 305 (2009) in holding that certifications authenticating records are not testimonial and therefore are not barred by *Crawford v. Washington*, 541 U.S. 36 (2004)); *United States v. Kahre*, 610 F. Supp. 2d 1261, 1263-66 (D. Nev. 2009) (Federal Rules of Evidence 803(6) and 902(11) "go hand in hand" and "declarations filed under Federal Rules of Evidence

902(11) are "the functional equivalent to live witness testimony," do not run afoul of the Confrontation Clause, and may therefore be relied upon in criminal cases); see also *United States v. Siders*, 712 Fed. App'x 601, 602-03 (9th Cir. 2017) (same).

5. The parties further agree and stipulate that a copy of the Cellebrite data extraction performed on the defendant's cellphone is admissible as a record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person, pursuant to Fed. R. Evid. 902(13) (digital evidence "generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person" is self-authenticating).  *See also, id.* at Advisory Committee's Note (2017) ("as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary").

6. By virtue of these stipulations, the parties waive their rights to confront and cross-examine the custodians of record who would be called as a witness to establish said authenticity and Rule 803(6) foundation.  The records at issue will still be subject to challenges based on relevance or the other objections provided under the Federal Rules of Evidence that do not pertain to authenticity.

7. Out of an abundance of caution, the government has issued trial subpoenas to the custodians of records for these various business entities.  Several of these entities have indicated that they will comply with their obligation to appear at trial unless and until the Court issues a formal order releasing them from their subpoenas.

8. A pre-trial ruling deeming the stipulated records as self-authenticating, non-hearsay evidence would conserve resources by allowing the early release of these custodians from their trial subpoenas.  Such a ruling would also promote efficiency in the

presentation of evidence at trial.

9. Accordingly, the government respectfully requests a pre-trial ruling that the following records listed below are self-authenticating, non-hearsay evidence, pursuant to Fed. Rs. of Evid. 803(6), 902(11), and 902(13).

| **Custodian** | **Bates Number(s) of Certified Declaration(s)** | **Bates Range of Certified Records** |
|---|---|---|
| Apple | INV_1214<br>INV_2194<br>SW_314 | INV_1215-1216<br>INV_1201[1]<br>SW_315-318, 325[2] |
| Bank of America (Luton) | BOA_2<br>BOA_446 | BOA_3-445<br>BOA_447-455 |
| Bank of America (Wessam) | *Forthcoming* | *Forthcoming* |
| Bank of Colorado | BCO_2–BCO_3<br>BCO_69.001<br>BCO_73 | BCO_4-69<br>BCO_70-72<br>INV_2385-2386 |
| Bank of Estes Park | BEP_2; BEP_30; BEP_77<br>INV_1759 | BEP_3-79<br>INV_1760-1761 |
| Cellebrite Image of Defendant Luton's Cellphone | INV_2007-2009 | Thumb Drive #0000469 |

---

[1] INV_256 is a duplication of INV_1201.
[2] SW_320-324 is a duplication of SW_315-318.

4

| | | |
|---|---|---|
| CenturyLink | INV_1529 | CENT_1-131 |
| Citizens Bank | CITZ_3 | CITZ_4-24 |
| Discover | INV_1249 | INV_1253-1257 |
| FedEx | FEDX_16; INV_1587 | FEDX_2-15; INV_1580-1586 |
| Flagstar Bank | FLG_89 | INV-2013-2087<br>FLG_1-88 |
| Google (Gmail) | SW_306 | SW_307-313 & thumb drive provided on 9/24/19 |
| Grand River Bank | GRB_3 | GRB_4-22 |
| Hartford Federal Credit Union | INV_2647 | INV_2305-2646 |
| Huntington National Bank | HNB_101 | HNB_4-239 |
| Immigration & Customs Enforcement Travel Records (Luton & Dobson) | INV_2365<br>INV_2576-2577<br>INV_2581-2582 | INV_2366-2382<br>INV_2578-2580<br>INV_2583-2593 |
| Immigration & Customs Enforcement A-File (Luton) | A-FILE_1 | A-FILE_2-172 |
| Jackson National Life Insurance | INV_1531 | JNLI_4-693 |
| JP Morgan Chase | JPM_2 | JPM_3-146 |
| KeyBank | KEY_3 | KEY_5-29 |
| Old National Bank | INV_1527 | ONB_1-7 |
| Peoples United Bank | INV_2684-2685 | INV_2686-2715 |
| Premier Members Credit Union | PMCU_1<br>PMCU_216 | PMCU_2-145<br>PMCU_146-215 |

5

| TD Bank | TDB_3–TDB_4 | TDB_9-44 |
| --- | --- | --- |
| T-Mobile | SW_176<br>INV_1971 | SW_177-186<br>INV_1972-1981 |
| UPS | INV_1693<br>INV_1940 | INV_1694-1700<br>INV_1941-1955 |
| US Bank | USB_2 | USB_3-33 |
| US Bank NA (Fidelity) | INV_1670 | INV_1671-1683 |
| USPS | INV_2113-2115 | INV_2116-2122 |
| Verizon | INV_1528 | VZN_1-11 |
| Western Union | WU_1 | WU_2[3] |
| Ymax Communications | ORD_23-24 | ORD_16-22 |

DATED this 9th day of January, 2020.

        JASON R. DUNN
        United States Attorney

        *s/ Sarah H. Weiss*
        SARAH H. WEISS
        MARTHA A. PALUCH
        Assistant U.S. Attorneys
        1801 California, Suite 1600
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        Sarah.weiss@usdoj.gov
        Martha.paluch@usdoj.gov

---

[3] INV_1702 is a duplication of WU_2.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Sarah H. Weiss*
SARAH H. WEISS
Assistant U.S. Attorney
1801 California, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov