**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00098-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

---

**DEFENDANT'S RESPONSES TO GOVERNMENT'S**
***JAMES* PROFFER AND *JAMES* LOG STATEMENTS**

---

Defendant Leonard Luton ("Defendant"), by Counsel, Mark Edward Scabavea of SCABAVEA & ASSOCAIATES, LLC, responds to the government's James Proffer and James Log Statements.

**LAW CONCERNING RULE 801(d)(2)(E)**

1. Defendant agrees with the law the government cited in Government's Memorandum in Support of its *James* Law Proffer ("Government's Memorandum") in paragraphs 1 through 4. [Doc. No. 76 at 3-4]. Specifically, Defendant agrees that "statements are admissible pursuant to Rule 801(d)(2)(E) if a court finds, by a preponderance of the evidence, three things: that (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. United States v. Alcorta, 853 F.3d 1123, 1137 (10th Cir. 2017); Bourjaily v. United States, 483 U.S. 171, 181 (1987)." [Doc. No. 76 at 3].

1

2.   Staring with the first factor, whether a conspiracy existed, the law states that in order to prove a conspiracy, the government must prove, *inter alia*, "(3) knowing and voluntary participation in the conspiracy; and (4) interdependence among the conspirators. United States v. Sells, 477 F.3d 1226, 1235 (10th Cir. 2007); see also United States v. Hill, 786 F.3d 1254, 1266 (10th Cir. 2015) (quoting Sells)." [Doc. No. 76 at 4].

3.   Regarding the third factor in the existence of a conspiracy analysis, knowing and voluntary participation, the 10th Circuit states:

> A defendant may be convicted of conspiracy only if the government proves that the defendant had knowledge of the conspiracy and voluntarily participated therein. A conspirator "need not know of the existence or identity of the other members of the conspiracy or the full extent of the conspiracy," United States v. Metropolitan Enters., 728 F.2d 444, 451 (10th Cir.1984) (citing Blumenthal v. United States, 332 U.S. 539, 557, 68 S.Ct. 248, 256, 92 L.Ed. 154 (1947)), but he or she <u>must have a general awareness of both the scope and the objective of the enterprise to be regarded as a coconspirator</u>.
>
> This is not to say, however, that a defendant may be convicted of a conspiracy that defies common sense simply because he or she possesses a general awareness of the breadth of its illegal activities. For example, at oral argument, the government suggested that a drug dealer who knows that his supply can be traced to the Medillin cartel has joined a vast conspiracy with the members of the cartel to distribute crack illegally for profit. Under such an approach, a small-time drug dealer could be held responsible for all of the drugs originated by the cartel for sentencing purposes, resulting in a guaranteed life sentence. Such an approach would pervert the concept of conspiracy. Mere knowledge of illegal activity, even in conjunction with participation in a small part of the conspiracy, does not by itself establish that a person has joined in the grand conspiracy.

United States v. Evans, 970 F.2d 663, 669-670 (10th Cir. 1992) (emphasis added).

This language makes it clear that in order for a defendant to be convicted of a conspiracy he or she "must have a general awareness of both the scope and

the objective of the enterprise to be regarded as a coconspirator." Id.  Moreover, even a general awareness of a conspiracy is not enough to convict a defendant as a coconspirator.  Id.

4. Regarding the fourth factor in the existence of a conspiracy analysis, interdependence, the 10th Circuit states: "Separate spokes meeting at a common center constitute a wheel conspiracy only if those spokes are enclosed by a rim. . . . What is required is a shared, single criminal objective, not just similar or parallel objective between similarly situated people." Id.  Therefore, in order to prove interdependence, the government must prove that the coconspirators must share a single criminal objective.

5. The Defendant also agrees with the government that under Rule 801(d)(2)(E) a court must find that "(3) the statements were made in the course of and in furtherance of the conspiracy." [Doc. No. 76 at 3].  Furthermore, the Defendant also agrees with the government's recited law in paragraph 6 of Government's Memorandum.  In particular, the Defendant agrees that in "determining the third factor, that the statement was made during the course of and in furtherance of the conspiracy, several rules apply.  First, the focus is on whether <u>the declarant's intent in making the statement was to advance the conspiracy</u>, not whether the statement actually advanced the conspiracy. Perez, 989 F.2d at 1578." [Doc. No. 76 at 5] (emphasis added).

6. In summary of the law concerning Rule 801(d)(2)(E), Defendant sets out 3 separate "Basis for Exclusion" as opposed to the government's "Basis for

3

Admission." The "Basis for Exclusion" as summarized from the law concerning Rule 801(d)(2)(E), noted above, are as follows:

    a. The declarant must have a general awareness of both the scope and the objective of the enterprise to be regarded as a coconspirator.

    b. The declarant must share a single criminal objective with the coconspirators.

    c. The declarant must have the requisite intent in making the statement to advance the conspiracy.

## DEFENDANT'S OBJECTIONS TO STATEMENTS IN GOVERNMENT'S *JAMES* PROFFER LOG UNDER FED.R.EVID. 801(d)(2)(E)

**Objection to Statement #1:** None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #2:** None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #3:** Objection Bases for Exclusion a, b, c. Basis b is especially applicable here because it is allegedly in response to Defendant's statements #1 and #2. There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "chop." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #4**: Objection Bases for Exclusion a, b, c. Basis b is especially applicable here because it is allegedly in response to Defendant's statement's #5. There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1ze082774155097523." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #5:** None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #6:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "450 Chaplin lane Estes park co 80517." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #7:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "782491389797." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #8:**  Objection Bases for Exclusion a, b, c.  Basis b is especially applicable here because it allegedly prompts Defendant's statement #9.  There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "782425727628."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #9:**  None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #10:**  Objection Bases for Exclusion a, b, c.  Basis b is especially applicable here because it allegedly prompts Defendant's statement #11.  There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "782531341581."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #11:**  None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #12:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated

"782608227498."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #13:**  Objection Bases for Exclusion a, b, c.  Basis b is especially applicable here because it allegedly prompts Defendant's statement #14.  There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "782658697114."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #14:**  None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #15:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "782940407140."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #16:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1225 west eisen hower blvd."  Finally, the probative value is substantially outweighed by the

danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #17:**  Objection Bases for Exclusion a, b, c.  Basis b is especially applicable here because it allegedly prompts Defendant's statement #18.  There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "450 chapin lane Estes Park co 80517."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #18:**  None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #19:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "783366336132."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #20:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "783488291612."  Finally, the probative value is substantially outweighed by the

danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #21:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1ze082770190919671." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #22:** None, if offered as an exclusion under FRE 801(d)(2)(A).

O**bjection to Statement #23:** Objection Bases for Exclusion a, b, c. Basis b is especially applicable here because it is allegedly in response to Defendant's statements #22. There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "U." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #24:** Objection Bases for Exclusion a, b, c. Basis b is especially applicable here because it allegedly prompts Defendant's statement #25. There is zero evidence that Defendant and Dobson shared a single criminal objective, or any criminal objective at all. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the

9

statement; that is, that Dobson stated "Tom white." The government clearly argues that "Tom White" is a conspirator in the conspiracy to defraud S.O.  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #25:**  None, if offered as an exclusion under FRE 801(d)(2)(A).

**Objection to Statement #26:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1 1ze082770190958192 ."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #27:** Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1ze082770154467290 ."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #28:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "773793266629."  Finally, the probative value is substantially outweighed by the

danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #29:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "784048214190." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #30:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "1 So, what he said he was going to do, he is going to max out the card and close them, and order fo-four more. . . . You're going to get one of them, man." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #31:** Objection Bases for Exclusion a, b, c. The statement is hearsay and no hearsay exception is applicable. The statement is clearly offered for the truth of the statement; that is, that Dobson stated "Yeah, supposed to, because it was the same one you had done it to the last time. . . .Remember that is the one it went to the last time. We had put the grand to that. A grand or was it fifteen bills? One of them." Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #32:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "eah, doing the road, general. Dobson 10/2/18 Nebraska here now."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #33:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "I could make her get some bills. . . .Because right now I do not have anything else dealing with. ."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #34:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "left back there because you had . . . What? Nineteen. You sent two to me... Andyouhadback seventeen, and you stayed like that, and sent the the the other two again. . . Today. So I got four in all, you gave the nigga ten. Eh-hm. So, you're supposed to have five left back there for me. So, you can send him a –an eight fifty, bad man, out of it because it's one grand he would have left back there."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #35:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "So, continue taking care of yourself, brother."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

**Objection to Statement #36:**  Objection Bases for Exclusion a, b, c.  The statement is hearsay and no hearsay exception is applicable.  The statement is clearly offered for the truth of the statement; that is, that Dobson stated "Yeah my general, just let her give you that right now. So, it can be ready by tomorrow."  Finally, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury under FRE 403.

WHEREFORE, Defendant Leonard Luton objects to Statements #3, 4, 6, 7, 8, 10, 12, 13, 15, 16, 17, 19, 20, 21, 23, 24, and 26-36.

Respectfully submitted this 24th day of January, 2020.

SCABAVEA & ASSOCIATES, LLC

s/ Mark E. Scabavea
MARK EDWARD SCABAVEA
301 Sheridan Blvd.
Lakewood, Colorado 80226
Office: (707) 592-5571
markscabavea@icloud.com

13

**CERTIFICATE OF SERVICE (CM/ECF)**

       I hereby certify that on January 24, 2020, I electronically filed the foregoing Defendant's Responses to Government's *James* Proffer and *James* Log Statements with the Clerk of the Court using the CM/ECF system and/or electronic mail, which will send electronic notification to all the parties.

Martha Ann Paluch
martha.paluch@usdoj.com

Susan H. Weiss
susan.weiss@usdoj.com

                                      s/ Mark E. Scabavea
                                      MARK EDWARD SCABAVEA
                                      301 Sheridan Blvd.
                                      Lakewood, Colorado 80226
                                      Office: (707) 592-5571
                                      markscabavea@icloud.com