**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO
PRESENTENCE REPORT, ECF 124**

---

    The United States of America, by Jason R. Dunn, United States Attorney for the District of Colorado, through Martha A. Paluch and Sarah H. Weiss, Assistant United States Attorneys, hereby responds to Defendant's Objections to Presentence Report, ECF 124.

    Defendant objects to multiple paragraphs of the Presentence Report, and states his reasoning and argument for all but one of these objections will be included in his sentencing statement.

    In the one objection the defendant does not reserve for his sentencing statement, he takes issue with the language of Paragraph 9 of the Presentence Report, which states that "the defendant's co-conspirator, Rajay Dobson ("Dobson"), calling himself 'Frank White,' convinced the victim, S.O. [that she won a lottery scheme.]" ECF 124 at 1. The defendant asserts that no evidence introduced at trial established that Dobson was "Frank White."

    The Court should deny this objection based on the overwhelming evidence admitted at trial. First, however, the government notes that Count 1 of the Superseding Indictment charged

1

the defendant with conspiring with Rajay Dobson to carry out the lottery scheme to defraud S.O. The jury found the defendant guilty of this charge beyond a reasonable doubt. Although the government was not required to prove the identity of the individual(s) with whom Luton conspired, the government presented evidence in support of its theory that Luton conspired with Dobson.  If the jury believed the government had not proved the conspiracy between the two, it could have acquitted the defendant of the conspiracy charge and convicted him solely of the mail fraud charge(s).

At trial, the government presented overwhelming evidence that Dobson was the individual who identified himself as "Frank White" in his numerous calls to S.O. During these calls, "Frank White" convinced S.O. to mail cashier's checks, cash, and cell phones to receive her "winnings."  This evidence included, but is not limited to, the following:

- S.O. testified that after she mailed the packages containing cash, cashier's checks, and cell phones, she would call "Frank White" and provide him with the tracking numbers for the packages by reading off those numbers to him during their phone calls. S.O.'s certified phone records confirmed that one of the numbers "Frank White" used to call S.O. was the same number he gave her to call to give him the tracking numbers. That number was 702-xxx-2033.
- The defendant testified that he set up and registered this 702-xxx-2033 number and texted it to Dobson. This is the exact number "Frank White" used to call S.O. throughout the lottery scheme.
- The defendant testified that he lived at 1307 Pacific Street, Apartment 6D, Brooklyn, New York. This is the same address to which "Frank White"

2

> directed S.O. to mail cell phones. Upon his arrest at S.O.'s home in January 2019, the defendant was found to be in possession of one of these cell phones. This fact was proved at trial by the unique identifying number of the cell phone taken from the defendant's person as compared to the unique identifying number listed in the certified receipt for S.O.'s purchase of the same cell phone.

- The defendant testified that Dobson paid him $1,000 to drive from the defendant's home in Brooklyn, New York to Estes Park, Colorado to pick up a package from someone at S.O.'s address. The defendant admitted that Dobson texted to him on numerous occasions S.O.'s address.

- The Cellebrite extraction report of the defendant's cell phone proved that the defendant, Dobson, and others communicated with each other via text messages and other messaging services about the 1) addresses where particular packages S.O. mailed would arrive, 2) the names on these packages, and 3) the tracking numbers associated with those mailings. The defendant confirmed this evidence: he testified that he texted addresses for receipt of packages to Dobson and that Dobson texted to him names and the tracking numbers for the packages so he would know when and where to go and what to pick up. The defendant also testified that he and Dobson texted regarding whether the package was being sent via UPS or FedEx. The defendant testified that he had been picking up packages for Dobson for the past year, which was approximately the

same period of time "Frank White" had been directing S.O. to mail packages related to this lottery fraud.

The government submits that all of this evidence proves, at least by a preponderance of the evidence, that Rajay Dobson is the same individual who identified himself as "Frank White" in his communications with S.O., and that Rajay Dobson and Leonard Luton conspired to defraud S.O.

For these reasons, the defendant's Objection to Paragraph 9 of the Presentence Report should be denied.

Dated this 2nd day of June, 2020.

    Respectfully submitted,

    JASON R. DUNN
    United States Attorney

    *s/ Martha A. Paluch*
    MARTHA A. PALUCH
    SARAH H. WEISS
    Assistant U.S. Attorneys
    1801 California Street, Suite 1600
    Denver, Colorado  80202
    (303) 454-0100
    FAX: (303) 454-0402
    Email: Martha.paluch@usdoj.gov
    Sarah.weiss@usdoj.gov
    Attorneys for the government

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

        s/ *Martha A. Paluch*
        MARTHA A. PALUCH
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        martha.paluch@usdoj.gov