IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LEONARD LUTON,

    Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT LEONARD LUTON**
_____

    COMES NOW the United States of America ("United States"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Elizabeth Young, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), and moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment in an amount to be determined by the Court at the Sentencing Hearing, which constitutes the amount of proceeds obtained by the defendant as a result of violations of 18 U.S.C. §§ 1341, 1349, and 2. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(C)(iii), the order can be amended pursuant to Fed. R. Crim. P. 32.2(e)(1) at the Sentencing Hearing after a determination is made as to the amount of proceeds defendant Luton obtained as a result of the violations for which he was found guilty.

    In support, the United States sets forth the following:

## Background

1.     On July 10, 2019, the grand jury returned a Superseding Indictment which charged defendant Leonard Luton in Count One with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and in Counts Two through Ten with aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  (Doc. 45 at 1-4).

2.     The Superseding Indictment also sought forfeiture, pursuant to 18 U.S.C. § 1981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of the scheme, including but not limited to, a personal money judgment in the amount of proceeds obtained as a result of the offenses charged in Counts One through Ten. (Doc. 45 at 5-6).

3.     On February 13, 2020, a jury found defendant Leonard Luton guilty of Counts One through Three and Counts Five through Ten, in violation of 18 U.S.C. §§ 1341, 1349, and 2.  (Doc. 105).

## Legal Argument

4.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to violations of 18 U.S.C. §§ 1341, 1349, and 2.[1]

---

[1] Title 28 U.S.C. § 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18 U.S.C. § 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).  In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity`."  Aiding and abetting mail fraud in violation of 18 U.S.C. § 1341 is listed in 18 U.S.C. § 1961.  Attempting or conspiring to commit mail fraud in violation of 18 U.S.C. § 1349 is considered a "specified unlawful activity" if substantive fraud is involved in committing a violation of 18 U.S.C. § 1341.

2

5.      As set forth in Fed. R. Crim. P. Rule 32.2(b)(1)(A), the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as soon as practicable after a guilty verdict. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

6.      When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).  The Court's determination may be based on any evidence already in the record and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As indicated in the Government's Sentencing Statement, at the Sentencing Hearing the United States will introduce evidence to establish the amount of the proceeds obtained by defendant Luton. (Doc. 108 at 21). Pursuant to Fed. R. Crim. P. 32.2(b)(2)(C)(iii), the Court may enter a general order for a personal money judgment when the amount has not yet been determined. The Court may amend the general order pursuant to Fed. R. Crim. P. 32.2(e)(1) after a determination is made as to the amount of proceeds defendant Luton obtained as a result of the scheme. *United States v. Arnold*, 878 F.3d 940, 943-45 (10th Cir. 2017) (explaining that Fed. R. Crim. P. 32.2 "permits a court to amend a preliminary, general forfeiture order once the amount of the money judgment has been calculated.").

7.      It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

8.      The evidence introduced at trial establishes a legal basis for entry of a personal money judgment against defendant Luton. Specifically, between February 2018 and January 2019, defendant Luton, along with a co-conspirator, convinced the victim, S.O., who lived in Estes Park, Colorado, that she had won a $2.8 million lottery and a Mercedes-Benz.  Defendant Luton and his co-conspirator told S.O. that she needed to pay the required "fees" in advance to receive her prizes, and directed her to mail cash, cashier's checks, and cellphones via UPS and FedEx.  The defendant's co-conspirator directed S.O. to mail some of these payments to defendant Leonard Luton's mailing address.

9.      The co-conspirator also directed S.O. to hand over cash to his fellow co-conspirators on two separate occasions.  In both instances, S.O. was told that these were payments to be applied to the necessary fees to release her lottery prizes.  In October 2018, S.O. gave $65,000 in cash to individuals who came to her home at approximately 1:30 a.m.  At trial, defendant Luton admitted he was in Estes Park on this date and time.  In January 2019, S.O. was told to give $39,000 in cash to individuals who would arrive at her home.  Defendant Luton arrived at S.O.'s home on the given day and was arrested.

10.     The co-conspirator also directed S.O. to send cashier's checks and wire funds to a second victim, S.P., who lived in Grandville, Michigan.  S.P. was told that she had won a $5 million lottery and in order to receive her prize, she was required to receive payments from others, deposit them into her own bank account, and then wire the funds to a bank account held in the name of defendant Leonard Luton.

4

11.     As a result of the fraudulent scheme, the loss to victim S.O. was $994,793.75, and the loss to victim S.P. was $3,500.00.

12.     At this time, the United States respectfully requests a general preliminary order of forfeiture for a personal money judgment for an amount to be determined by the Court at the sentencing hearing pursuant to Fed. R. Crim. P. 32.2(b)(2)(C)(iii). As indicated in the Government's Sentencing Statement, at the Sentencing Hearing the United States will introduce evidence to establish the amount of the proceeds obtained by defendant Luton. (Doc. 108 at 21). At that time, the United States will request that the Court amend the Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Leonard Luton to indicate the specific amount of the money judgment pursuant to Fed. R. Crim. P. 32.2(e)(1).

13.     Accordingly, a forfeiture money judgment in an amount to be determined by the Court at the Sentencing Hearing should be entered against defendant Luton pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

*[Remainder of page intentionally left blank.]*

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Leonard Luton tendered herewith, for the reasons set forth above.

DATED this 4th day of June 2020.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By:    s/ *Elizabeth Young*
        Elizabeth Young
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Ste. 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: Elizabeth.Young2@usdoj.gov
        *Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Jasmine Zachariah*
FSA Data Analyst
Office of the U.S. Attorney