IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00098-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     LEONARD LUTON

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF
FORFEITURE FOR A SUBSTITUTE ASSET**
_____

COMES NOW the United States of America ("United States"), by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Elizabeth Young, and respectfully moves this Court, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(b)(2)(A), for entry of a Preliminary Order of Forfeiture for a Substitute Asset, specifically, a 2008 Honda CR-V bearing VIN: 5J6RE48738L047902 which was seized from defendant Leonard Luton on January 22, 2019, in Estes Park, Colorado ("2008 Honda CR-V").

In support of its motion, the United States submits the following:

**I.    Factual Background**

1.    On July 10, 2019, the grand jury charged defendant Leonard Luton by Superseding Indictment with: Conspiracy to Commit Mail Fraud in Count One, in violation of 18 U.S.C. § 1349, and Aiding and Abetting Mail Fraud in Counts Two through Ten, in violation of 18 U.S.C. §§ 1341 and 2. (Doc. 45 at 1-4).

1

2. The Superseding Indictment also provided the defendant with notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 1981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of the scheme, including but not limited to, a personal money judgment in the amount of proceeds obtained as a result of the offenses charged in Counts One through Ten. (Doc. 45 at 5-6). The Superseding Indictment also provided the defendant with notice that the United States would seek forfeiture of other property as a substitute asset pursuant to 21 U.S.C. § 853(p). (Doc. 45 at 5-6).

3. On February 13, 2020, a jury found defendant Leonard Luton guilty of Counts One through Three and Counts Five through Ten, in violation of 18 U.S.C. §§ 1349, 1341, and 2. (Doc. 105).

4. On June 8, 2020, the Court entered the Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Leonard Luton, for an amount that was to be determined later at sentencing. (Doc. 128).

6. On August 10, 2021, defendant Leonard Luton was sentenced. His sentence included a personal money judgment in the amount of $484,123.16 and he was ordered to pay restitution to victims in the amount of $884,947.41. (Doc. 151).

7. The United States now seeks forfeiture of the 2008 Honda CR-V as a substitute asset.

II. **Legal Analysis**

Forfeiture is a mandatory element of sentencing imposed following conviction. *See United States v. Arnold*, 878 F.3d 940, 945 (10th Cir. 2017); 28 U.S.C. § 2461(c)

("the court shall order the forfeiture of the property as part of the sentence in the criminal case."). Indeed, the Supreme Court recently reiterated that forfeiture statutes "serve important governmental interests such as 'separating a criminal from his ill-gotten gains,' 'returning property, in full, to those wrongfully deprived or defrauded of it,' and 'lessen[ing] the economic power' of criminal enterprises." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631, 198 L. Ed. 2d 73 (2017) (citations omitted).

When proceeds or directly forfeitable property are unavailable, the Court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets. 21 U.S.C. § 853(p)(2); 28 U.S.C. 2461(c). Pursuant to 21 U.S.C. § 853(p), an asset is unavailable when "as a result of any act or omission of the defendant" the asset: "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the Court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1)(A)-(E). These factors are determined by the Court. *United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006) (*Booker* does not apply to the imposition of substitute assets, because § 853(p) "requires the court to allow the Government to seize substitute property when the defendant has placed the assets initially sought - and to which the Government is legally entitled - beyond the court's reach."). Further, Section 853(p) is interpreted "liberally" so as to prevent "efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence." *Id.* at 316 (citation omitted). In this case, the Court entered a personal money judgment in the amount of $484,123.16 representing the amount of proceeds defendant Leonard Luton obtained

3

as a result of the criminal scheme. The United States has not been able to seize and forfeit the full amount of the proceeds because they have been spent, diminished in value, or transferred by the defendant and cannot be located by the United States upon the exercise of due diligence.

Federal Rule of Criminal Procedure 32.2(e)(1) provides the framework for a court, post-conviction, to "at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . (B) is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). If the court is satisfied that the property is subject to forfeiture under Rule 32.2(e)(1), it must enter an order forfeiting the property. Fed. R. Crim. P. 32.2(e)(2)(A).

Unlike other types of forfeiture there is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B). By definition substitute property is "property that neither comprises the fruits of nor is connected to the defendant's alleged crime." *United States v. Jarvis*, 499 F.3d 1196, 1203-04 (10th Cir. 2007).

In this case, defendant Leonard Luton is the owner of the 2008 Honda CR-V, which was impounded at the time of his arrest. Therefore, the United States is seeking to forfeit defendant Leonard Luton's interest in the 2008 Honda CR-V as a substitute asset, up to the amount set forth in the forfeiture money judgment entered against him.[1] The current estimated value of the 2008 Honda CR-V is $6,025.00[2], which is substantially less than the amount of the money judgment.

---

[1] After the 2008 Honda CR-V is forfeited, the United States will sell the vehicle. The amount to be applied to defendant Leonard Luton's forfeiture money judgment will be the net amount the United States receives after costs and expenses related to the sale of the vehicle.
[2] See Exhibit 1, appraisal of 2008 Honda CR-V

**III.     Conclusion**

Accordingly, the United States respectfully requests that the Court grant this Motion for Preliminary Order of Forfeiture for a Substitute Asset and order the forfeiture of the 2008 Honda CR-V as a substitute asset. The United States further requests that the Court retain jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and to entertain any third-party claims that may be asserted. Fed. R. Crim. P. 32.2(e).

DATED this 1st day of October 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:     s/ *Elizabeth Young*
Elizabeth Young
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Elizabeth.Young2@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

      s/ *Jasmine Zachariah*
      FSA Data Analyst
      U.S. Attorney's Office