**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 23-cv-01890-CMA
Criminal Action No. 19-cv-00098-CMA-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  LEONARD LUTON,

     Defendant.

---

## ORDER DENYING MOTION TO VACATE SENTENCE

---

This matter is before the Court on Defendant Leonard Luton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. # 215), filed *pro se* on July 24, 2023. The Motion is denied for the following reasons.

## I.    BACKGROUND

Mr. Luton was charged with one count of conspiracy to commit mail fraud and nine counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341, 1349, and 2. (Doc. # 45.) He was appointed counsel (Doc. # 10), and, following a jury trial, was convicted on all but one count of aiding and abetting mail fraud. (Doc. # 105.) On August 4, 2021, Mr. Luton was sentenced to 108 months in prison on each count, to run concurrently, and to be followed by a three-year term of supervised release. (Docs. ## 150–51.) Judgment was entered on August 10, 2021 (Doc # 151) following which Mr. Luton appealed his sentence to the United States Court of Appeals for the Tenth Circuit

(Docs. ## 153–56.) The Tenth Circuit affirmed Mr. Luton's sentence. (Docs. ## 210, 212.)

Mr. Luton, proceeding *pro se*, now contends that his sentence should be vacated, he should be allowed to "plead guilty by 'plea agreement' or 'straight up,' and [he should] be resentence[d]" accordingly. (Doc. # 215 at 13.) He asserts that his counsel provided ineffective assistance by failing to discuss (1) the Sentencing Guidelines, (2) how the possible sentence would be affected if he pled guilty as opposed to going to trial, (3) the possibility of a plea deal, (4) the possibility of pleading "straight up" to the indictment without a plea agreement, and (5) by recommending that Mr. Luton go to trial because otherwise he would receive a sentence of 20 years in prison. (*Id.* at 4; Doc. # 215-1 at 3–4.) Mr. Luton asserts that his "decision to proceed to trial would have been different if [counsel] had properly advised [him], and had [he] known that with a plea [he] could have received way less than 20 years." (Doc. # 215-1 at 4.) The Government asserts that Mr. Luton's Motion should be denied because Mr. Luton has not demonstrated prejudice resulting from counsel's performance. (Doc. # 218 at 4–11.)

Having reviewed Mr. Luton's Motion, the Government's Response thereto, and the relevant exhibits, the Court determines that Mr. Luton has failed to establish a basis to vacate or reduce his sentence. The Court therefore denies Mr. Luton's Motion.

## II.     <u>STANDARD OF REVIEW</u>

### A.     STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. *Id.* at § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### B.     *PRO SE* STANDARD OF REVIEW

Because Mr. Luton is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

## III.   DISCUSSION

### A.   INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Luton asserts that he was provided ineffective legal assistance. (Doc. # 215 at 4; Doc. # 215-1 at 3–4.) A defendant claiming to have received ineffective assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered." *Id*. at 697. Because the Government's Response focuses on prejudice (Doc. # 218 at 4–11), the Court will analyze this prong of the *Strickland* test first.

To establish prejudice, the defendant must show that there is a reasonable probability that, absent counsel's errors, "the result of the proceeding would have been different." *Id*. at 694. To satisfy the prejudice requirement in a case where the defendant claims that counsel's ineffectiveness led him to go to trial rather than to plea, he must show a "reasonable probability" that (1) a plea would have been presented to the court; (2) the court would have accepted the plea; and (3) the conviction or sentence under the plea would have been less severe than under the judgment imposed. *Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012). A reasonable probability requires more than speculation. *See United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995); *see also Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (noting a "reasonable probability"

4

requires a "substantial, not just conceivable, likelihood of a different result.") (citation and internal quotation marks omitted).

Mr. Luton argues that but for his counsel's assurances that a guilty plea would result in a 20-year sentence, he would not have gone to trial, and rather would have pleaded guilty. (Doc. # 215 at 4; Doc. # 215-1 at 3–4.) Consequently, Mr. Luton avers, whether he was offered a plea agreement or pled to the indictment "straight up"—in other words, in the absence of a plea agreement—he would have received a lesser sentence than the one imposed after his trial. (Doc. # 215 at 4; Doc. # 215-1 at 3–4.) However, Mr. Luton's self-serving conclusory averments, without more, are insufficient to establish a reasonable probability that he would have pled guilty or that a guilty plea would have resulted in a more favorable sentence.

     1.    <u>Probability Mr. Luton Would Have Pled</u>

First, the Court notes that the record does not contain evidence of a plea offer from the Government, and Mr. Luton had no right to such an offer. *See United States v. Davis*, 900 F.2d 1524, 1526 (10th Cir. 1990) (noting a defendant has "neither a right to enter a conditional plea nor a right to enter a plea bargain"). By "not alleg[ing] facts indicating such a deal was possible," Luton cannot "show a reasonable probability that the prosecution would have been willing to enter into a favorable [plea] agreement." *United States v. Donaldson*, 646 F. App'x 686, 688 (10th Cir. 2016).

Second, Mr. Luton has not demonstrated that he would have entered a plea in the absence of a plea deal. In support of his assertion that but for his counsel's deficient performance Mr. Luton would have pled guilty to avoid a 20-year sentence, Mr. Luton

offers only his own conclusory statements. (Doc. # 215 at 4; Doc. # 215-1 at 3–4.) However, "subjective and self-serving statements" by a defendant regarding what he would have done, "are insufficient to show a reasonable probability that, but for alleged counsel's errors, he would have pled guilty." *United States v. Morris*, 106 F. App'x 656, 659 (10th Cir. 2004). This is particularly true when, as here, "the record does not suggest [the defendant] was willing to admit guilt." *United States v. Robles*, 546 F. App'x 751, 753 (10th Cir. 2013).

As the Court noted at Mr. Luton's sentencing hearing, Mr. Luton "repeatedly lied to everyone" including to "agents during his post-arrest interview," to "this Court, and to the jury from the witness stand, under oath." (Doc. # 162 at 55.) Additionally, throughout his proceedings, Mr. Luton repeatedly asserted his innocence and disclaimed responsibility for the actions underlying his conviction. *See Lafler*, 566 U.S. at 171 (noting a court may consider the "defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions"). During preliminary hearings Mr. Luton maintained, for example, that "he did not know what was in the package that he picked up." (Doc. # 35 at 58.) Mr. Luton attempted to have evidence destroyed by asking a third-party to delete his iCloud account. (Doc. # 109 at 10.) He continued to deny responsibility after the jury returned a guilty verdict on nine counts, insisting he isn't the kind of person to "do stuff like. . . robbing somebody or creating a scheme to defraud people," and is not a "villain" or "criminal."  (Doc. # 162 at 64.) Finally, in his instant Motion, Mr. Luton admits to lying to his trial counsel. (Doc. # 215 at 4; Doc. # 215-1 at 2.)

Considering this history, the Court concludes that Mr. Luton has not demonstrated a reasonable probability that he would have pled guilty in the absence of a plea deal had he been properly advised of the likely sentence he faced pursuant to the Guidelines. *See Castro-Davis v. United States*, No. 14-1547, 2015 WL 13928760, at *1 (1st Cir. Apr. 30, 2015) (holding the defendant failed to "demonstrate[] that he would have agreed to enter a straight plea" where the record showed he "denied responsibility for the [offense] even through his sentencing hearings"); *Mittal v. United States*, 471 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) ("While the defendant's assertions of innocence, despite the powerful evidence against him, are not dispositive of whether the defendant would have pleaded guilty if advised to do so, they undercut the credibility of his assertion that he would in fact have pleaded guilty."); *see also Garcia v. United States*, 679 F.3d 1013, at 1014-15 (8th Cir. 2012) (collecting cases). Mr. Luton may now regret not pleading guilty after receiving a top-of-the-guidelines sentence. However, regret does not show a reasonable probability that he would have pleaded guilty had he been properly advised. *See United States v. Butler*, 118 F. App'x 371, 373 (10th Cir. 2004) ("Regret and second-guessing his own refusal to cooperate with the government does not provide [the defendant] grounds for an ineffective assistance of counsel claim.").

  2. <u>Probability of a Lesser Sentence</u>

  Mr. Luton asserts that by pleading guilty he "could have received way less than 20 years."[1] (Doc. # 215-1 at 4.) However, this is insufficient to demonstrate a

---

[1] The Court notes that Mr. Luton's sentence of 108 months, or 9 years, is significantly less than 20 years.

"reasonable probability" that had he pleaded guilty, either without an agreement, or with a hypothetical plea agreement, the Court would have sentenced him to less than 108 months. *Lafler*, 566 U.S. at 164; *see also United States v. Orozco-Sanchez*, 804 F. App'x 952, 960 (10th Cir. 2020) (noting "a more favorable outcome is a necessary component of the analysis").

Construing Mr. Luton's motion broadly, the Court understands him to be arguing that had he pled guilty he could have received a two-level reduction in offense level for acceptance of responsibility, which would have lowered his sentencing range to between 70 and 87 months. *See* U.S.S.G. § 3E1.1(a); *Id*. at ch. 5, pt. A. However, this reduction is not automatically applied when a defendant pleads guilty. *Id*. § 3E1.1 cmt. n.3. Rather, in considering whether to apply the reduction for acceptance of responsibility, courts consider a number of factors including whether a defendant "truthfully" admits the conduct underlying his offense, and whether conduct inconsistent with acceptance of responsibility outweighs the defendant's assertions of responsibility. *Id*.

First, Mr. Luton has not asserted, and his conduct throughout his proceedings belies any claim, that he would have truthfully admitted the criminal conduct underly his conviction. *See generally* (Docs. ## 215, 215-1); *see also* (Doc. # 162 at 55, 64.) Further, in Mr. Luton's pre-sentence report, the probation officer concluded that the Court could find that a 2-level enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) should be applied because Mr. Luton lied to investigators, the Court, and the jury, and directed third-parties to delete his iCloud account shortly after

his arrest. (Doc. # 109 at 6–10.) Mr. Luton initially objected to this enhancement, but that objection was abandoned. (Doc. # 124 at 2; Doc. # 162 at 34.) Mr. Luton has not demonstrated a reasonable probability that the obstruction of justice enhancement would not have applied had he pled guilty. Where such conduct is at issue, the two-level decrease for acceptance of responsibility will only be applied in "extraordinary cases." U.S.S.G. § 3E1.1 cmt. n.4. Mr. Luton has not argued, and the Court is not inclined to conclude given his history of untruthfulness, that this is an "extraordinary case."

Overall, Mr. Luton's conclusory averments related to his reasons for proceeding to trial, and the possibility of a lower sentence are insufficient to demonstrate he was prejudiced by his counsel's alleged ineffective assistance. *See United States v. Peña*, 566 F. App'x. 645, 650 (10th Cir. 2014) ("Ultimately, it is beyond cavil that conclusory allegations . . . do not satisfy *Strickland*'s prejudice inquiry."). Because Mr. Luton has not demonstrated that his counsel's alleged failure to advise him of the Sentencing Guidelines applicable to his case or to discuss with him the potential benefits of entering a plea of guilty was prejudicial, his claim of ineffective assistance fails.

B.    **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is only made when "a prisoner demonstrates 'that jurists of reason would find it debatable'

that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Luton has not made a substantial showing of the denial of a constitutional right.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Luton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. # 215) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Luton has not made a substantial showing of the denial of a constitutional right.

The Clerk is directed to close this case.

DATED: October 3, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge