Criminal Case No. 19-cr-00098-CMA
Civil Case No. 23-cv-01890-CMA
\*\*\*\*\*\*\*\*\*\*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 06 2023

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,
          Plaintiff-Respondent,

v.

LEONARD LUTON,
          Defendant-Petitioner.

PETITIONER'S REPLY TO UNITED STATES' OPPOSITION
TO MOTION TO VACATE

Leonard Luton
Reg. No. 45133-013
FCI Berlin
P.O. Box 9000
Berlin, NH 03570

Pro se Defendant-Petitioner

## INTRODUCTION

On July 14, 2023, Luton filed his Motion to Vacate, submitting one claim for relief: ineffective assistance of counsel. See generally Motion to Vacate, ECF No. 215.

On September 6, 2023, the Respondent filed its Response to Motion to Vacate ("Response"). In its Response, the Respondent primarily tried to rebut certain details of the sound factual bases of Mr. Luton's arguments. The more significant problem, however, is that the Respondent attempts to diminish Mr. Luton's claims by mischaracterizing the nature of those claims and taking them out of the context in which he places them.

Mr. Luton submits that the Respondent's efforts in undermining his arguments must fail for the reasons and authorities detailed below. The salient facts and circumstances that led to Mr. Luton proceeding to trial instead of pleading guilty "straight up" without the benefit of a plea agreement, and thereby having his offense level reduced by three levels for timely acceptance of responsibility clearly demonstrate that his counsel performed deficiently, and that his counsel's deficient performance prejudiced him.

1

ARGUMENT

I. THE RESPONDENT MISCHARACTERIZED MR. LUTON'S CLAIM THAT HIS COUNSEL WAS INEFFECTIVE IN ADVISING HIM THAT IF HE PLED GUILTY TO ALL THE CHARGES HE WOULD BE ADMITTING TO ALL THE GOVERNMENT'S ALLEGATIONS AND THEREFORE WOULD BE SENTENCED TO 20 YEARS, CAUSING HIM TO PROCEED TO TRIAL

In his Motion to Vacate, Mr. Luton submits that in the third meeting he had with his counsel, they discussed what would happen if he pled guilty to all the charges and his counsel told him that if he pled guilty to all the charges, he would be admitting to all of the government's allegations and therefore would be sentenced to 20 years, the maximum sentence for his charge. ECF No. 215-1 at 10. Mr. Luton submits further that his decision to proceed to trial would have been different if his counsel had properly advised him, and had he known that with a plea he could have received way less than 20 years by pleading guilty, he would not have gone to trial. The essence of Mr. Luton's claim is that his counsel did not advise him and he was not aware that he had the option of pleading "straight up" without the benefit of a plea offer or agreement, and that he thereby had the option of having his offense level reduced by three levels for timely acceptance of responsibility. Id. at 10-11.

However, in its Response, the Respondent completely mischaracterized Mr. Luton's claim. The Respondent first argued that "Luton's suggestion that he accepted at face value trial counsel's (alleged) prediction of a 20-year sentence, when he had heard his previous attorney and the government discussing 87 to 108 months under the Sentencing Guidelines, rings hollow," and

2

that "despite his reliance on the possibility of a plea deal being kept from him, the record discloses no plea offer from the government, and Luton had no right to such an offer." Response at 6. Then, when commenting on Mr. Luton's counsel's failure to advise him that he had the option to plead "straight up" without the benefit of a plea offer or agreement, and that he thereby had the option of having his offense level reduced by three levels for timely acceptance of responsibility, the Respondent further stated that "Luton 'offers only his own conclusory statements to suggest that he may have entered an 'open plea' without a plea agreement'" Response at 7. In sum, the Respondent attempted to portray Mr. Luton's claim as some desperate attempt to finds grounds for an ineffective assistance of counsel claim because he regrets not pleading guilty after being sentenced at the top of the guidelines for his offense level. That simply is not the case.

i. The circumstances surrounding Mr. Luton's counsel's advice is critical to understanding his claim.

The circumstances surrounding Mr. Luton's counsel's advice is critical to understand his claim. Indeed, Mr. Luton submits, and the Respondent has not denied rebutted, (1) that after seeing the evidence that government was prepared to introduce at trial, Mr. Luton thought that his chances of winning at trial were not good at all; (2) that Mr. Luton asked his counsel about pleading guilty; and, (3) his counsel's advice, i.e., if he pled guilty to all the charges, he would be admitting to all the government's allegations and therefore would be sentenced to 20 years, the maximum sentence for his charges, caused him to go to trial.

3

Specifically, Mr. Luton first lied to his counsel about his involvement in the crime because he believed that he and his co-defendant had covered their tracks, that his counsel would not have represented him to the fullest if he had told the truth, and he also didn't know how much evidence the government had against him, not because he never intended to plead guilty as the Respondent argues in its response. Response at 5-9.

Then, Mr. Luton saw some of the evidence that the government was prepared to introduce at trial. ECF No. 215-1 at 9-10.

Confronted with compelling evidence of his involvement in the crime, at the second meeting he had with his counsel, Mr. Luton "asked [counsel] about pleading guilty." Id. at 10. Thus, seeing the evidence that the government was prepared to introduce at trial made Mr. Luton decide to plead guilty. Absent evidence to the contrary, asking his counsel "about pleading guilty" naturally implies that Mr. Luton was willing to plead guilty. And, because he was provided erroneous advice by his counsel, Mr. Luton's proceeded to trial.

Subsequently, after the jury found him guilty, Mr. Luton denied "'creating' a scheme to defraud people" and insisted, "I don't do stuff like that, Your Honor, I am not no villian. I am not no criminal." ECF No. 162 at 64. Additionally, he argued with the Court while it was imposing the sentence, insisting he never received any money. Taking these statements out of context, the Respondent argues that "Luton's behavior throughout these proceedings hardly suggest a reasonable probability that he would have pleaded guilty 'straight up' had he only known what his sentence would likely be under the Sentencing Guidelines."

4

Response at 8. However, in context, Mr. Luton insisted that he did not "create" a scheme to defraud people, i.e., that his co-defendant created the scheme; that he "don't do stuff like that;" and, that he never received any money, i.e., that his co-defendant received most of the money generated from the scheme.

In light of the above-specified circumstances, it is patently clear that Mr. Luton would have pleaded guilty had he known that with a plea he could have received less than 20 years by pleading guilty. As such, contrary to the Respondent's position, Mr. Luton has shown that he would have pleaded guilty if his counsel (1) had not advised him that if he pled guilty to all the charges he would be admitting to all the government's allegations and therefore would be sentenced to 20 years; (2) had discussed with him what possible sentences he was facing, how the possible sentences would be affected if he were to plead guilty as opposed to going to trial, and the impact of the Sentencing Guidelines; and (3) had advised him of the option of entering an open plea without the benefit of a plea agreement, and that by doing so he thereby had the option of having his offense level reduced by three levels for timely acceptance of responsibility.

  ii.  <u>Considering the above-specified circumstances, it is clear that Mr. Luton has shown that he would have received a better sentence.</u>

An attorney's incompetent advice resulting in a defendant's rejection of a plea offer can constitute ineffective assistance of counsel. See <u>United States v. Blaylock,</u> 20 F.3d 1458, 1465-66 (9th Cir. 1994). In <u>Blaylock,</u> the defendant's attorney failed to inform him of a plea offer made by the prosecutor, and the

5

defendant went to trial. "Although Blaylock... received a fair trial, he is not precluded from showing prejudice." Id. at 1466. The court found that Blaylock was prejudiced by his counsel's incompetence because the trial court would have been willing to grant Blaylock a reduction for acceptance of responsibility if he had accepted a plea offer prior to trial, but that the court refused to do so after trial. See id at 1467.

In this case, Mr. Luton denied "creating" a scheme to defraud people; that he "[does] stuff like that;" and, that "he [ ] received any money." Even if those statements can be taken as Mr. Luton protesting his innocence as the Respondent suggest, there was no basis for awarding acceptance of responsibility after trial. However, like Blaylock, who was never informed of the plea offer and therefore was deprived of his right to take advantage of it, Mr. Luton never had the opportunity to consider intelligently his decision to plead guilty or proceed to trial and to make an informed decision about it. Mr. Luton's higher sentence after trial similarly resulted from the very fact of a trial itself, a fact that was brought about by his counsel's erroneous advice and failure to advise. As to his "extensive lies to the agents [and even his counsel] and attempts to destroy evidence," all of that happened before he realized "that his chances of winning at trial were not good at all." ECF no. 215-1 at 10.

Therefore, in accordance with Blaylock, Mr. Luton has met the second prong of the Strickland analysis with respect to this portion of his sentence.

6

  iii. <u>Unless the Judge concludes that there is no "reasonable probability" that he would have approved the acceptance-of-responsibility adjustment if Mr. Luton pleaded guilty, he should hold an evidentiary hearing and grant Mr. Luton's motion to vacate.</u>

 When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief ... .

 As discussed previously, in his Motion to Vacate, Mr. Luton submits that his counsel failed to advise him and he was not aware that he had the option of pleading "straight up" without the benefit of a plea offer or agreement, and that he thereby had the option of having his offense level reduced by three levels for timely acceptance of responsibility. ECF. No. 215-1 at 10. Mr. Luton submits further that his decision to proceed to trial would have been different if his counsel had properly advised him. Id. at 11. This Court must construe the allegations in Mr. Luton's pro se Motion to Vacate liberally, and it should not subject his Motion to Vacate to the standards that it would apply to pleadings drafted by lawyers. See, for example, <u>Haines v. Kerner,</u> 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972) (per curiam). Moreover, at this stage of the proceedings, it must

7

have approved the acceptance-of-responsibility adjustment, he should hold an evidentiary hearing and grant Mr. Luton's Motion to Vacate.

## CONCLUSION

Mr. Luton respectfully request, based on the foregoing, that this Court hold an evidentiary hearing and grant his Motion to Vacate.

Date: 9/18/2025

Respectfully submitted,

Leonard Luton

## CERTIFICATE OF SERVICE

I hereby certify that on 9/18/2025, I placed a copy of the foregoing in the mailbox at FCI Berlin, addressed to the following:

Leonard Luton

9

Reonard Luton # 45133-013
Federal Correctional Institution Berlin
PO Box 9000
Berlin, NH 03570

WHITE RIV JCT VT 050
2 OCT 2023 PM 2 L

CLERK OF COURT

◇45133-013◇
Alfred A Arraj Courthouse
901 19TH ST
ROOM A105
Denver, CO 80294
United States

80294-250151

LEGAL MAIL